In the Matter of the Probate of the Will of GERTRUDE A. VAN WOERT, Deceased.

LOUISE STODDARD, Appellant; ALICE F. SOLES et al., Respondents.

**Appeal — when order of reversal must direct trial by jury.**

Where the Appellate Division reverses, upon a question of fact, a decree of a Surrogate's Court denying an application for the probate of a will, it must, in its order of reversal, direct the trial by a jury of the material questions of fact arising upon the issues between the parties.

*Matter of Van Woert*, 147 App. Div. 483, modified.

(Argued February 25, 1913; decided March 11, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 17, 1911, which reversed a decree of the Saratoga County Surrogate's Court denying an application for the probate of the will of Gertrude A. Van Woert, deceased, and remitted the matter to the surrogate with directions to admit the said will to probate.

*W. P. Butler* for appellant.

*Homer J. Borst* and *Edward D. Cutler* for respondents.

*Per Curiam.*   There is no doubt that the instrument propounded for probate had been duly executed so as to constitute it a valid will of Miss Van Woert, if it remained unrevoked after execution.   The question litigated before the surrogate was whether the will had been revoked by

the deceased in her lifetime. When the instrument was found after her death two of the pages had been torn apart and the top of the page containing the fifth clause had been torn off. The surrogate held that the testatrix thus mutilated the will *animo revocando* as to the whole thereof. The Appellate Division, on the other hand, based its order of reversal on the express ground that "the uncontradicted evidence shows that by the mutilation the testatrix did not intend to revoke the entire will."

As the evidence was capable of being viewed so as to sustain an inference either way, the Appellate Division was authorized to reverse upon the facts; but in so doing it could not dispose of the case absolutely and finally as was attempted by its direction to the surrogate to admit the instrument to probate.

Section 2588 of the Code of Civil Procedure provides that where such a reversal is founded upon a question of fact the appellate court must make an order directing the trial by a jury of the material questions of fact arising upon the issues between the parties. "Such an order must state, distinctly and plainly, the questions of fact to be tried; and must direct the trial to take place, either at a Trial Term of the Supreme Court, specified in the order; or in the County Court of the county of the Surrogate."

Upon deciding to reverse the decree of the Surrogate's Court denying the application for probate the Appellate Division should have made an order of this character.

The order of the Appellate Division should be modified by striking therefrom the provision remitting the matter to the surrogate with directions to admit the will to probate and by substituting in lieu thereof a provision directing a trial by a jury at a Trial Term of the Supreme Court to be held in Saratoga county of the following question of fact, to wit: "Was the instrument propounded as the last will and testament of Gertrude Ann Van Woert, deceased, torn, canceled, obliterated or destroyed, by the testatrix or some other person acting in her behalf and with her authority with the intent and

for the purpose on her part of revoking the same as her will?" As thus modified, the order appealed from is affirmed, with costs to abide the event.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur.

Ordered accordingly.